UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MONT CLAIRE AT PELICAN MARSH
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                     Case No: 2:25-cv-1099-JES-DNF

EMPIRE INDEMNITY INSURANCE
COMPANY,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of the Motion to Strike (Doc. #29) filed by Defendant Empire Indemnity Insurance Company ("Empire" or "Defendant") on April 3, 2026. On April 17, 2026, Plaintiff Mont Claire at Pelican Marsh Condominium Association, Inc. ("Mont Claire" or "Plaintiff") filed a Response in Opposition (Doc. #30). For the reasons set forth below, the Motion to Strike will be denied.

**I.**

Federal Rule of Civil Procedure 12(f) states that a court may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter" upon motion by any party. Fed. R. Civ. P. 12(f). While the Court enjoys broad discretion in making this

determination, "a Rule 12(f) motion 'should be granted only when the pleading to be stricken has no possible relation to the controversy' because Rule 12(f) 'is a drastic remedy to be resorted to only when required for the purposes of justice.'" United States ex rel Sedona Partners LLC v. Able Moving & Storage Inc., 146 F.4th 1032, 1044-45 (11th Cir. 2025) (quoting Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)).  Accordingly, motions under Rule 12(f) should only be granted where the challenged allegations "are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party."  Id. (quoting 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d ed. May 2025 update)).

## II.

Plaintiff owns property located at Mont Claire Drive and Mont Claire Court in Naples, Florida (the "Property").  From June 15, 2017 to June 15, 2018, the Property was insured by Defendant under Policy No. ECL9490534-03 (the "Policy").  (Doc. #29 at ¶¶ 2-3.) During this period, the Property sustained widespread damage from Hurricane Irma.  (Doc. #28 at ¶ 7.)  Following an initial investigation, Defendant determined that the damages fell below the Policy's deductible.  (Id. at ¶12.)

2

After Plaintiff disputed the initial assessment, Defendant revised its estimate to allow for a $54,312.63 claim, resulting in a $32,566.23 payout after the deductible. Plaintiff again disputed the amount of loss and invoked the Policy's appraisal provision. (Id. at ¶¶ 25-26.) However, Defendant refused to participate the appraisal process, and Plaintiff filed its initial suit (the "underlying suit").

During the pendency of the underlying suit, Defendant agreed to submit to the appraisal process and the Court appointed a neutral umpire. (Id. at ¶¶ 30-35.) The appraisal determined that the cost of loss to the Property was $8,171,994.86 on a replacement cost value ("RCV") basis and $6,599,810.67 on an actual cash value ("ACV") basis. (Id. at ¶ 37.) The Court in the underlying suit denied Defendant's Motion to Set Aside the Award and eventually entered judgment in Plaintiff's favor in the amount of $6,148.949.12, plus $1,033,942.75 interest. (Id. at ¶¶ 52, 61-62.) Following its unsuccessful appeal, Defendant paid the judgment in the underlying suit and entered into an agreement with Plaintiff regarding attorney's fees incurred therein. (Doc. #29 at ¶ 10.)

Plaintiff now brings the instant bad faith action pursuant to Fla. Stat. § 624.155(1)(a)(1), seeking damages allegedly incurred due to Defendant's handling of the original claim.

III.

Florida Statute § 624.155 authorizes an insured to "bring a civil action against an insurer when such person is damaged" by a violation of § 626.9541(1)(i) or when the insurer does not attempt "in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured with due regard for her or his interests." Fla. Stat. § 624.155(1)(a)-(b).  Plaintiff seeks damages related to the costs and fees it incurred during the appraisal process, which it alleges incurred as a result of Defendant's bad faith failure to act fairly and honestly during the adjustment of this claim. Plaintiff also seeks damages related to the increase in costs of materials and labor it incurred as a result of Defendant's four-year delay in paying the appraisal award. (Doc. #30 at p. 14.)

Defendant seeks to strike both these categories of damages, which it asserts are not recoverable as a matter of law.  (Doc. #29 at ¶ 19.)  First, Defendant seeks to strike Plaintiff's claim for damages based on costs and fees related to the appraisal process.  (Id. at ¶ 20.) Defendant asserts that these damages are not recoverable as a matter of law because the Policy specifically states that "each party bears their own costs of appraisal, and that the costs of the Umpire should be split among the parties, which is exactly what occurred."  (Id. at ¶ 24.)  Because

4

Plaintiff's participation in the appraisal process, once invoked, was mandatory, Defendant asserts that the cost of appraisal could not plausibly be the result of Defendant's bad faith.  (Id. at p. 8.)   Second, Defendant seeks to strike Plaintiff's claim for damages based on "increased costs of repairs due to increased labor and materials costs."  (Id. at ¶ 25.)  Defendant argues that, in seeking these damages, Plaintiff "effectively requests re-examination of the appraisal award" even though "the appraisal process was a binding determination of the damages owed under the policy."  (Id. at p. 9.)  Consequently, according to Defendant, these costs are not recoverable in a bad faith action.  (Id.)

Under Florida law, extra-contractual, consequential damages based on an insurer's alleged failure to timely adjust the loss, wrongful denial of the claim, or delay and failure to timely pay a claim are not allowed in a first-party insurance claim.  In such claims "the contractual amount due the insured is the amount owed pursuant to the express terms and conditions of the policy." Citizens Prop. Ins. Corp. v. Manor House, LLC, 313 So. 3d 579, 582 (Fla. 2021).  Such damages may be allowed, however, in a first-party bad faith action where an insured sues his or her own insurance company for improper denial of benefits since § 624.155 establishes a framework which allows for the recovery of extra-contractual damages against an insurer. Id. at 583.  "The damages

recoverable by the insured in a [first party] bad faith action are those amounts that are the reasonably foreseeable consequences of the insurer's bad faith in resolving a claim, which include consequential damages." Cingari v. First Protective Ins. Co., 377 So. 3d 1169, 1173 (Fla. 4th DCA 2024).

The Court does not evaluate the merits of Plaintiff's arguments in a 12(f) motion to strike. Instead, the Court must merely consider whether the damages sought "are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Sedona Partners LLC, 146 F.4th at 1044-45. The Court finds that this standard has not been satisfied here.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike (Doc. #29) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of May 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

6